FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

Name: Timothy Lamar Trawick

Prison Number: 115225

Place of Confinement: Holman Correctional Facility

United States District Court __Middle__ District of __Alabama__

Case No. __1:07-CV-554-MEF__
(To be supplied by Clerk of U. S. District Court)

__Timothy Lamar Trawick__, PETITIONER
(Full Name)   (Include name under which you were convicted)

__Grantt Culliver__, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __Alabama__

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack __Dale County Circuit Court       Ozark, Al, 36361__
2. Date of judgment of conviction __November 18, 1986__
3. Length of sentence __Life__ Sentencing Judge __P.B. McLauchLin__

4. Nature of offense or offenses for which you were convicted: __Rape I__
   __Sodomy I__

5. What was your plea? (check one)
   (a) Not guilty (X)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: ____

6. Kind of trial: (Check one)
   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (X)

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:
   (a) Name of court __Alabama Court of Criminal Appeals__
   (b) Result __Affirmed__
   (c) Date of result __July 28, 1987__
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: ____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court __Dale County Circuit Court__
        (2) Nature of proceeding __Rule 32__
        (3) Grounds raised __Illegal Unauthorized Sentence__

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
        (5) Result __denied__
        (6) Date of result __February 17, 2006__

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____ N/A _____
   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
   (5) Result _____
   (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____ N/A _____
   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (X)
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.          Yes (X)     No ( )
   (2) Second petition, etc.         Yes ( )     No ( )
   (3) Third petition, etc.          Yes ( )     No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____ N/A _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one: Petitioner was denied due process when his sentence was illegally enhanced by unauth-
Supporting FACTS   (tell your story briefly without citing cases or law):
orized prior convictions.

See Attachment

B. Ground two: _____
Supporting FACTS   (tell your story briefly without citing cases or law):

C. Ground three: _____
Supporting FACTS   (tell your story briefly without citing cases or law):

D. Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?   Yes ( )   No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ___ UNKNOWN ___
    (b) At arraignment and plea ___
    (c) At trial ___
    (d) At sentencing ___
    (e) On appeal ___ Bill Kominos ___

(f) In any post-conviction proceeding ____PRO SE____

(g) On appeal from any adverse ruling in a post-conviction proceeding: ____PRO SE____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (✓)

   (a) If so, give name and location of court which imposed sentence to be served in the future: ____N/A____

   (b) And give date and length of sentence to be served in the future: ____N/A____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ( )   No (✓)

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____.
(date)

X _Timothy Lamar Trawick_____
Signature of Petitioner

## Attachment To Habeas Petition

<u>Ground One</u>: PETITIONER WAS DENIED DUE PROCESS WHEN HIS SENTENCE WAS ILLEGALLY ENHANCED ON THE BASES OF UNAUTHORIZED PRIOR CONVICTIONS

Supporting Facts: Petitioner was convicted on November 18, 1986 of two counts of Rape First Degree and two counts of Sodomy First Degree.

The State proceeded at sentencing under Alabama's Habitual Felony Offender Act § 13A-5-9, Code of Alabama 1975, which provides in part?

That in all cases where it is shown that a criminal defendant has been previously convicted of any three felonies and after such conviction of another felony, he must be punished as follows:

(3) On conviction of a Class A Felony, he must be punished by imprisonment of Life Without Parole.

The State offered certified copies of the three (3) prior felony convictions at the sentencing hearing, those convictions were three 1976 convictions for Sale of controlled Substances under Section 20-2-70 Ala.Code 1975.

Petitioner argues that his sentence is determined by the law in effect at the time of the commission of the offense. <u>Davis v. State</u>, 571 So.2d 1287 (Ala.Crim.App.1990). At the time of the sentence in 1986, his sentence was governed by the Alabama Supreme Court decision in <u>Ex Parte Chambers</u>, 522 So.2d 313 (Ala.1987).

In <u>Chambers</u>, the Alabama Supreme Court reversed Chambers conviction and held that the penalty enhancement provisions of the Habitual Felony Offender Act are inapplicable to Felony Drug Offenses under the Controlled Substance Act and that defendants convicted of

offenses under the Controlled Substances Act must be sentenced according to the recidivist provisions of that Act.

The Court stated at page 315 as follows:

> "...Thus, it is clear that the legislature knew that because the the Controlled Substance Act provided its own penalties, now of the provisions of Title 13A, Chapter 5, including the Habitual Offender Provision, would apply to drug offenses. Under a clear reading of the pertinent sections and the commentary thereto, the penalties set out in Title 13A, Chapter 5, are applicable only to "outside" offenses where no particular punishment is specified. See the commentary to § 13A-5-4..."

The Habitual Felony Offender Act, with its own punishment enhancement provisions, is a penal statute, and must be strictly construed, especially in regard to its applicabilty to felony offenses outside the criminal code.

In Ex Parte Brannon, 547 So.2d 68 (Ala.1989), the Court reversed a conviction again, where a conviction occurred for Possession of Controlled Subtances and the State used three prior felony convictions, none of which were drug related, to enhance the defendant's sentence under § 13A-5-9.

Petitioner avers that his 1976 convictions for Sales of Controlled Substances under § 20-2-70 Alabama Code 1975, could not be used to enhance Petitioner's current Rape and Sodomy sentence under Alabama Habitual Offender Act.

Petitioner submits that his sentence is Illegal in violation of Due Process.

X *Timothy Lamar Trawick*
Timothy Lamar Trawick
AIS# 115225
Holman Unit 3700
Atmore, Al. 36503-3700

Timothy Lamar Trainick
AIS# 115225-A1
Holman Unit 3700
Atmore, Al.
　　　　36503-3700



This is correspondence to/from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Mail

Office of the Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Al.
　　　　36101