IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY LAMAR TRAWICK,  )
AIS # 115225                          )
                                             )
      PETITIONER,                   )
                                             )
vs.                                         )  CIVIL NO.
                                             )    01: 07-CV-554-MEF (WO)
GRANT CULLIVER, WARDEN,   )
*et al.,*                                    )
                                             )
      RESPONDENTS.             )

**ANSWER OF RESPONDENTS**

Come now the Respondents, by and through the Attorney General for the

State of Alabama, and in response to this Honorable Court's Order issued July 13,

2007, make the following answer:

1.   In his federal petition, Timothy Lamar Trawick attacks his November 18,

1986 conviction in the Dale County Circuit Court of two counts of first-degree

rape and two counts of first-degree sodomy on the following grounds:

(1) He was denied due process when his sentence was illegally
enhanced by unauthorized prior drug convictions.

2.   Respondents admit Trawick is in state custody serving a sentence of life

without parole in the state penitentiary pursuant to his conviction of sodomy and

rape in the Dale County Circuit Court, but aver that Trawick's conviction and

sentence are valid and constitutional under the laws and treaties of the United

States and the State of Alabama.

3. Respondents deny each and every material allegation of the petition and

demand strict proof thereof.

## PROCEDURAL HISTORY

4. On November 18, 1986, Trawick was convicted in the Dale County

Circuit Court of two counts of first-degree rape and two counts of first-degree

sodomy in case number CC-86-256. See: (Exhibits A & B) Trawick had four

prior felony convictions: three convictions in Dale County of selling marijuana and

one conviction in Geneva County of first-degree theft. On December 4, 1986, the

trial court sentenced Trawick to life in prison without parole pursuant to the

Alabama Habitual Felony Offender Act using the aforementioned priors. Trawick

appealed his rape and sodomy convictions. On July 28, 1987, the Alabama Court

of Criminal Appeals issued a written opinion affirming Trawick's convictions.

Trawick v. State, 512 So. 2d 818 (Ala. Crim. App. 1987). (Exhibit A) Certificate

of final judgment was issued on direct appeal on August 17, 1987. (Exhibit B)

5. On October 19, 1987 and April 12, 1988, Trawick filed petitions for post

conviction relief attacking his convictions of rape and sodomy. Both petitions

were denied on the merits. He did not appeal the denial of either petition. On

March 7, 2001, Trawick filed a third Rule 32 petition in the Dale County Circuit

Court and argued that his 1986 convictions of sodomy and rape should be set aside

on grounds of a defective indictment and excessive sentence. On June 28, 2001,

the trial court issued an order denying Trawick's petition. The denial of Trawick's

third petition was affirmed on appeal by the Alabama Court of Criminal Appeals in

a memorandum opinion. (Exhibit B)  Certificate of final judgment was issued on

November 6, 2001. (Exhibit C)

6. On November 8, 2004, Trawick filed a fourth Rule 32 petition attacking

his rape and sodomy convictions on the following grounds: (1) Illegal sentence; (2)

the trial court was without jurisdiction, because the clerk failed to administer the

oath to the petit juror; (3) defective indictment; (4) the erroneous admission of

expert evidence by the Alabama Department of Forensic Sciences; (5) newly

discovered evidence; (6) the indictment was void, because it did not contain a

material element; and, (7) the State is using Rule 32 to bar him access to the courts.

(Exhibit D)  On May 26, 2005, the State filed a motion to dismiss Trawick's

petition pursuant to Rules 32.2(a), (b), and (c) Ala.R.Crim.P. On February 9, 2006,

the trial court issued an order dismissing Trawick's fourth petition on the grounds

contained in the State's motion to dismiss. (Exhibit D)

7. Trawick appealed the trial court's decision to the Alabama Court of Criminal Appeals. On June 23, 2006, the Alabama Court of Criminal Appeals affirmed the dismissal of Trawick's fourth Rule 32 petition. (Exhibit D) In regard to Trawick's claim that his sentence was illegal because his prior drug convictions could not be used to enhance his sentence under the HFOA, the Alabama Court of Criminal Appeals held that this claim was precluded by Rule 32.2(a)(4) Ala.R.Crim.P., because Trawick had raised this same claim unsuccessfully in his third petition; by Rule 32.2(b) Ala.R.Crim.P., because his fourth petition was successive; and by Rule 32.2(c) Ala.R.Crim.P., because the petition was filed more than thirteen years after his conviction. (Exhibit D)

8. On July 5, 2006, Trawick filed an application for rehearing in the Alabama Court of Criminal Appeals, which was denied on July 14, 2006. (Exhibit E) On July 24, 2006, Trawick filed a petition for writ of certiorari. On September 13, 2006, the Alabama Supreme Court granted the writ and ordered the State to file a brief addressing whether Trawick's jurisdictional claims of excessive sentence were precluded under Rule 32.2(a)(4) Ala.R.Crim.P. On March 2, 2007, the Alabama Supreme Court issued a written opinion affirming the denial of Trawick's fourth Rule 32 petition on grounds that the trial court had adjudicated Trawick's jurisdictional claim of an illegal sentence on the merits in a prior petition, thus precluding Trawick from asserting the same claim in a successive petition.

(Exhibit F)  Certificate of final judgment was issued on May 21, 2007.  (Exhibit G)

Trawick filed the instant federal petition on June 20, 2007, and this action follows.

## MEMORANDUM BRIEF

One-Year Period Of Limitation Under
Title 28 U.S.C. §2244(d)

9.  Trawick's petition is barred because it was not filed within the one-year

statute of limitation.  Title 28 U. S. C. §2244 (d) (1), enacted by Title I of the

Antiterrorism and Effective Death Penalty Act of 1996, pub. L. No. 104-132, 110

Stat. 1214, provides for a one-year statute of limitation applicable to a writ of

habeas corpus by a person in custody pursuant to the judgment of a state court.

This law became effective on April 24, 1996.  The section specifically provides the

following:

> (d) (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of - -

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;

> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly

5

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added.)

10.  On November 18, 1986, Trawick was convicted in the Dale County Circuit Court of two counts of first-degree rape and two counts of first-degree sodomy in case number CC-86-256.  (Exhibit A)  He was sentenced on December 4, 1986, to life without parole as an habitual offender.  (Exhibit A)  His conviction was affirmed on direct appeal on July 28, 1987, and certificate of final judgment was issued on August 17, 1987.  (Exhibit B)  On November 8, 2004, Trawick filed a Rule 32 petition in the Dale County Circuit Court, his fourth such petition attacking his rape and sodomy convictions.  Therein, Trawick argued, among other things, that his sentence was illegally enhanced under the Alabama Habitual Offender Act.  This same claim was raised in Trawick's third Rule 32 petition and addressed and denied on the merits.  (Exhibits C & D)  On September 13, 2006, the Alabama Supreme Court granted Trawick's petition for certiorari review and ordered the State to file a brief addressing whether Trawick's jurisdictional claims of excessive sentence were precluded under Rule 32.2(a)(4) Ala.R.Crim.P.  On

March 2, 2007, the Alabama Supreme Court issued a written opinion affirming the denial of Trawick's fourth Rule 32 petition on grounds that the trial court had adjudicated Trawick's jurisdictional claim of an illegal sentence on the merits of a prior petition, precluding Trawick from asserting the same claim in a successive petition. (Exhibit F)  Certificate of final judgment was issued on May 21, 2007. (Exhibit G)  Trawick filed the instant federal petition on June 20, 2007.

The effective date of the federal habeas statute is April 24, 1996. Under that statute, Trawick had until April 24, 1997 in which to file a timely federal petition. He did not file the instant petition until June 20, 2007; ten years *after* the statute of limitation had run.  His third and fourth Rule 32 petitions, filed in 2001 and 2004, did not toll the running of the statute of limitation, because the statute had already expired by the time such petitions were filed.  In addition, Trawick's jurisdictional claim of illegal sentence is procedurally barred from review, because it was raised and addressed in his third petition and denied on the merits, making his fourth Rule 32 petition, which contained the same claim, a successive petition precluded under Alabama law.

Accordingly, Trawick's petition for writ of federal habeas corpus is due to be denied as barred by the one-year statute of limitation under Title 28 U.S.C. 2244(d).

## CONCLUSION

Based upon the foregoing, Trawick's petition for writ of habeas corpus attacking his convictions of rape and sodomy is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/Jean A. Therkelsen
Jean A. Therkelsen

# EXHIBITS

Exhibit A -   Opinion of the Alabama Court of Criminal Appeals on direct appeal, <u>Trawick v. State</u>, 512 So. 2d 818 (Ala. Crim. App. 1987).

Exhibit B –   Opinion of the Alabama Court of Criminal Appeals, third Rule 32 appeal, CR-00-2248.

Exhibit C –   Certificate of final judgment, third petition, CR-00-2248.

Exhibit D –   Opinion of the Alabama Court of Criminal Appeals, fourth Rule 32 appeal, CR-05-1095.

Exhibit E -   Order of the Alabama Court of Criminal Appeals's overruling Trawick's application for rehearing, CR-05-1095.

Exhibit F –   Opinion of the Alabama Supreme Court affirming the denial of Trawick's fourth Rule 32 petition, CR-05-1095.

Exhibit G –   Certificate of final judgment, CR-05-1095.

9

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>17th</u> day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Timothy Lamar Trawick, AIS #115225,</u> <u>Holman Correctional Facility, Holman Unit 3700, Atmore, Alabama  36503-3700</u>.

Respectfully submitted,

s/Jean A. Therkelsen
Jean A. Therkelsen
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  JTherkelsen@ago.state.al.us

307096/111021

West Reporter Image (PDF)

512 So.2d 818

Court of Criminal Appeals of Alabama.
Timothy Lamar TRAWICK
v.
STATE.
4 Div. 837.
July 28, 1987.

Defendant was convicted by the Circuit Court, Dade County, Charles L. Woods, J., of two counts of first-degree rape and two counts of first-degree sodomy, and he appealed. The Court of Criminal Appeals, Bowen, P.J., held that: (1) police officer was entitled to testify that he observed defendant's bedroom and that room was "un-neat" and "untidy," and (2) any error in trial court's failure to give two jury charges requested by defendant had not been preserved for review because defense counsel had failed to state grounds of his objections.
Affirmed.

West Headnotes

[1] KeyCite Notes 

⇨ 110 Criminal Law
  ⇨ 110XVII Evidence
    ⇨ 110XVII(R) Opinion Evidence
      ⇨ 110k449 Witnesses in General
        ⇨ 110k451 Inferences or Impressions from Collective Facts
          ⇨ 110k451(1) k. In General. Most Cited Cases

Police officer was entitled to testify that he observed rape defendant's bedroom and that room was "un-neat" and "untidy"; police officer's opinion was merely a statement of collective fact or a shorthand rendition of fact.

[2] KeyCite Notes 

⇨ 110 Criminal Law
  ⇨ 110XXIV Review
    ⇨ 110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
      ⇨ 110XXIV(E)1 In General
        ⇨ 110k1043 Scope and Effect of Objection
          ⇨ 110k1043(2) k. Necessity of Specific Objection. Most Cited Cases

Any error in trial court's failure to give two jury charges requested by rape defendant had not been preserved for review because defense counsel failed to state grounds for his objections after trial court refused to give charges. Rules Crim.Proc., Temporary Rule 14.

*819 Bill Kominos, Ozark, for appellant.
Don Siegelman, Atty. Gen., and Rivard Melson, Asst. Atty. Gen., for appellee.

BOWEN, Presiding Judge.
Timothy Lamar Trawick was convicted of two counts of rape in the first degree and two counts of sodomy in the first degree. He was sentenced to life imprisonment without parole as a habitual

PENGAD 800-631-6989   EXHIBIT   A

offender. Two issues are raised on appeal.

I

[1] [KC] Sheriff's Deputy Walter Ford was properly permitted to testify that he observed the defendant's bedroom and that the room was "un-neat" and "untidy." The deputy's opinion was merely a statement of "collective fact" or a "shorthand rendition of fact." *Murrell v. State,* 377 So.2d 1102, 1106 (Ala.Cr.App.), cert. denied, *Ex parte Murrell,* 377 So.2d 1108 (Ala.1979). See also *Lynn v. State* [4 Div. 698, March 10, 1987] (Ala.Cr.App.1987) (state investigator properly permitted to testify that rooms in victim's house were "ransacked").

II

[2] [KC] Any error in the refusal of written requested charges number 11 and number 12 has not been preserved for review.

In a "charge conference" held before the closing arguments of the attorneys and the oral instructions of the trial judge to the jury, defense counsel objected to the judge's action in refusing some of his written requested charges. Counsel renewed his objections after the jury had been instructed. However, with regard to charges 11 and 12, counsel failed to state the grounds of his objections.

Temporary Rule 14, A.R.Cr.P., provides the method for objecting to the court's failure to give a written instruction. It requires that counsel must state "the matter to which he objects *and the grounds of his objection.* " (Emphasis added.) Any error in the judge's failure to give these two written requested charges has not been preserved for review because counsel failed to state the grounds of his objections. *Matkins v. State,* 497 So.2d 201, 202 (Ala.1986) ("We hold that the proper procedure for objecting to the court's oral charge under Rule 14 [A.R.Crim.P.] and Rule 51 [A.R.Civ.P.] is to state the matter to which the party objects and the grounds of his objection.").

We note that, while defense counsel did orally request that one charge be corrected, both charges as written contain improper statements of the legal principle applicable to this case.

The judgment of the circuit court is affirmed.

AFFIRMED.

All Judges concur.

Ala.Cr.App.,1987.
Trawick v. State
512 So.2d 818

END OF DOCUMENT

[image] West Reporter Image (PDF)

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



RELEASED

OCT 1 9 2001

CLERK
ALA. COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**MEMORANDUM**

CR-00-2248                    Dale Circuit Court CC-86-256.60

<u>Timothy Lamar Trawick v. State of Alabama</u>

WISE, Judge.

The appellant, Timothy Lamar Trawick, appeals from the circuit court's dismissal of his petition for post conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1986 conviction for two counts of first-degree rape and two counts of first-degree sodomy, and his resulting sentence of life imprisonment without the possibility of parole. This Court affirmed Trawick's conviction on direct appeal, by published opinion. See <u>Trawick v. State</u>, 512 So.2d 818 (Ala.Crim.App. 1987). A certificate of judgment was issued on August 17, 1987.

Trawick filed this, what appears to be his third Rule 32 petition, on March 7, 2001. (C. 46.) On appeal, Trawick argues that the trial court erred in denying him an evidentiary hearing on his petition. Rule 32.7(d), Ala.R.Crim.P. provides:

"(d) Summary disposition. If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the



EXHIBIT
B

> petition or grant leave to file an amended petition.
> Leave to amend shall be freely granted. Otherwise,
> the court shall direct that the proceedings continue
> and set a date for hearing."

Trawick presented issues in his petition for post-conviction
relief that were either not sufficiently pled, were precluded,
lacked specificity, or raised no material issues that would
entitle him to relief. Thus, the trial court did not err when
it denied Trawick's post-conviction petition without an
evidentiary hearing.

Trawick's petition is also barred by the two-year statute
of limitations under 32.2(c), Ala.R.Crim.P. Rule 32.2(c)
provides that the court shall not entertain a petition for
post-conviction relief if it is not filed within two years
after the issuance of the certificate of judgment by this
Court, or if the case was not appealed, then within two years
after the time for filing lapses. See also Tarver v. State,
761 So.2d 266 (Ala.Crim.App. 2000). Trawick filed this
petition some 12 years' after the time for filing lapsed,
thus, it is precluded by Rule 32.2(c).

Accordingly, the trial court's denial of the appellant's
Rule 32 petition is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.

2

# THE STATE OF ALABAMA—— JUDICIAL DEPARTMENT
# THE COURT OF CRIMINAL APPEALS

Dharkelsen
30602

## CERTIFICATE OF JUDGMENT

**Criminal Appeals Case**        **CR-00-2248**

Timothy Lamar Trawick v. State of Alabama (Appeal from Dale Circuit Court: CC86-256.60).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 19th day of October, 2001, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
6th day of November, 2001

Clerk
Court of Criminal Appeals
State of Alabama



EXHIBIT

C

*Therkelsen*
*92549*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**RELEASED**
**JUN 2 3 2006**
CLERK
ALA COURT CRIMINAL APPEALS

| | |
|---|---|
| **H.W."BUCKY" McMILLAN** | **Lane W. Mann** |
| **Presiding Judge** | **Clerk** |
| **SUE BELL COBB** | **Gerri Robinson** |
| **PAMELA W. BASCHAB** | **Assistant Clerk** |
| **GREG SHAW** | **(334) 242-4590** |
| **A. KELLI WISE** | **Fax (334) 242-4689** |
| **Judges** | |

## MEMORANDUM

CR-05-1095                    Dale Circuit Court CC-86-256.62

Timothy Lamar Trawick v. State of Alabama

WISE, Judge.

The appellant, Timothy Lamar Trawick, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his November 1986 convictions for two counts of rape in the first degree, two counts of sodomy in the first degree, and his resulting sentence as an habitual felony offender to life imprisonment. On July 28, 1987, this Court affirmed Trawick's convictions and sentence, by unpublished memorandum. Trawick v. State (4. Div. 837), 512 So. 2d 818 (Ala.Crim.App. 1987). A certificate of judgment was issued on August 17, 1987.

1



EXHIBIT
D

On October 19, 1987, Trawick filed his first petition for postconviction relief which was denied by the trial court. The record does not reveal that Trawick appealed from the denial of this petition. On April 12, 1988, Trawick filed his second petition for postconviction relief which was also denied by the trial court. The record does not reveal that Trawick appealed from the denial of this petition. On March 7, 2001, Trawick filed a third Rule 32 petition which was denied by the trial court on June 28, 2001. On October 19, 2001, this Court affirmed the trial court's denial of Trawick's petition, by unpublished memorandum. Trawick v. State (No. CR-00-2248), 851 So. 2d 641 (Ala.Crim.App. 2001). A certificate of judgment was issued on November 6, 2001.

On November 10, 2004, Trawick filed the instant Rule 32 petition, his fourth, wherein he alleged: (1) that his sentence is illegal because, he says, his prior drug related convictions could not be used for enhancement under the HFOA; (2) that the trial court was without jurisdiction to render judgment or to impose his sentence because, he says, the clerk failed to administer the oath to the petit jurors; (3) that his indictment is void because, he says, it allegedly fails to comply with § 12-16-205, Ala. Code 1975; (4) that a new trial is required because of newly discovered evidence; (5) that his indictment is void because, he says, the indictment failed to include the essential element of forcible compulsion; and (6) that Rule 32, Ala.R.Crim.P. is unconstitutional and violated his due process rights. On May 26, 2005, the State filed its motion to dismiss Trawick's petition wherein it argued that his arguments were both without merit and precluded from appellate review. On February 7, 2006, the trial court issued an order dismissing Trawick's petition. This appeal followed.

On appeal, Trawick reasserts claims (1), (2), (4) and (5).[1]

Trawick first contends that his sentence is illegal because, he says, his prior drug related convictions could not

---

[1]Those claims that Trawick presented in his petition to the trial court but does not pursue on appeal are deemed abandoned. Brownlee v. State, 666 So. 2d 91, 93 (Ala.Crim.App. 1995).

be used for enhancement under the HFOA. This claim is barred from appellate review by Rule 32.2(4), Ala.R.Crim.P., as Trawick raised this claim unsuccessfully in a previous petition, <u>Trawick v. State</u> (No. CR-00-2248), 851 So. 2d 641 (Ala.Crim.App. 2001)(Table), by Rule 32.2(b), Ala.R.Crim.P., as this is Trawick's fourth Rule 32 petition, and by Rule 32.2(c), Ala.R.Crim.P., as the petition was filed more than 13 years after his conviction.

Trawick next alleges that the trial court was without jurisdiction to render judgment or to impose his sentence because, he argues, the clerk failed to administer the oath to the petit jurors. This Court's record reveals that the trial court's written judgment adjudicating Trawick guilty states that Trawick's jury had been "duly empanelled, sworn and charged by the Court according to the law..." and "said jurors, upon their oaths..." (Direct Appeal, C. 23, 36.)[2] As a result, this claim is without merit. <u>Brooks v. State</u>, 845 So. 2d 849 (Ala. Crim. App. 2002).

Trawick also contends that newly discovered evidence -- the alleged erroneous admission of expert evidence by the unaccredited Alabama Department of Forensic Sciences -- requires an evidentiary hearing. Specifically, Trawick alleges that "his case rested upon the testimony of forensic experts and evidence presented by the Alabama Department of Forensic Sciences" and that had he known that DPS was not accredited at the time of his trial, he could have challenged the admission of their evidence on the grounds that any test performed by DPS was unreliable. Trawick offers no evidence, in support of this claim, other than his bare allegations, thus, Trawick has failed to meet his burden of pleading and proof, as required by Rules 32.3 and 32.6(b), Ala.R.Crim.P. <u>Duncan v. State</u>, 925 So. 2d 245, 257 (Ala.Crim.App. 2005).

Finally, Trawick claims that his indictment is void because, he contends, it failed to include the essential element of forcible compulsion. A review of this Court's record refutes this allegation. The indictment charging Trawick with rape in the first degree stated, in pertinent

---

[2]This Court may take judicial notice of its own records. <u>Jackson v. State</u>, 910 So. 2d 797, 804 (Ala.Crim.App. 2005).

3

part:

> "The Grand Jury of said County charge that
> before the finding of this indictment TIMOTHY
> TRAWICK, a male, did engage in sexual intercourse
> with Tracy Grothaus, a female, by forcible
> compulsion, in violation of Title 13A-6-61 of the
> Code of Alabama..."

(C. 4.)

An indictment that tracks the language of the statute is
sufficient if the statute prescribes with definiteness the
elements of the offense. <u>Ex parte Allred</u>, 393 So. 2d 1030
(Ala. 1980). Here, the indictment tracked the language of §§
13A-6-61, Ala. Code 1975, including the relevant elements.
Accordingly, the indictment was not void or otherwise
defective. See <u>Herrero v. State</u>, 628 So. 2d 1053, 1055
(Ala.Crim.App. 1993) (escape indictment that tracked language
of indictment was sufficient).

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court
to summarily dismiss a petitioner's Rule 32 petition:

> "[i]f the court determines that the petition is not
> sufficiently specific, or is precluded, or fails to
> state a claim, or that no material issue of fact or
> law exists which would entitle the petitioner to
> relief under this rule and that no purpose would be
> served by any further proceedings, the court may
> either dismiss the petition or grant leave to file
> an amended petition."

See also <u>Hannon v. State</u>, 861 So. 2d 426, 427 (Ala.Crim.App.
2003); <u>Cogman v. State</u>, 852 So. 2d 191, 193 (Ala.Crim.App.
2002); <u>Tatum v. State</u>, 607 So. 2d 383, 384 (Ala.Crim.App.
1992). As discussed above, Trawick's claims were without
merit or precluded from appellate review. Thus, summary
disposition was appropriate.

Based on the foregoing, the judgment of the trial court
is affirmed.

4

**AFFIRMED.**

McMillan, P.J., concurs.  Cobb, Baschab, and Shaw, JJ.,
concur in the result.

5

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

July 14, 2006

**CR-05-1095**

Timothy Lamar Trawick v. State of Alabama  (Appeal from Dale  Circuit Court:
CC86-256.62)

## NOTICE

    You are hereby notified that on July 14, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

    Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Hon. Mary Bludsworth, Circuit Clerk
    Timothy Lamar Trawick, Pro Se
    Jean A. Therkelsen, Asst. Atty. Gen.



EXHIBIT

E

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-1095**

Timothy Lamar Trawick v. State of Alabama  (Appeal from Dale  Circuit Court: CC86-256.62)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 23rd 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 21st day of May, 2007.

Clerk
Court of Criminal Appeals
State of Alabama

cc: Hon. Philip B. McLauchlin, Jr., Circuit Judge
Hon. Mary Bludsworth, Circuit Clerk
Timothy Lamar Trawick, Pro Se
Jean A. Therkelsen, Asst. Atty. Gen.



EXHIBIT
F

REL: 03/02/2007 Ex parte Trawick

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2006-2007

---

### 1051563

---

### Ex parte Timothy Lamar Trawick

### PETITION FOR WRIT OF CERTIORARI
### TO THE COURT OF CRIMINAL APPEALS

### (In re:  Timothy Lamar Trawick

### v.

### State of Alabama)

### (Dale Circuit Court, CC-86-256.62;
### Court of Criminal Appeals, CR-05-1095)

LYONS, Justice.

Timothy Lamar Trawick petitions for certiorari review  of

the affirmance by the Court of Criminal Appeals of the trial



1051563

court's dismissal of his Rule 32, Ala. R. Crim. P., petition.
Trawick alleged in his Rule 32 petition that his sentence had
been illegally enhanced under the Habitual Felony Offender
Act, § 13A-5-9, Ala. Code 1975 ("the HFOA"). We affirm.

Trawick was convicted in 1986 of two counts of rape in
the first degree and two counts of sodomy in the first degree.
He was sentenced to life imprisonment under the HFOA based on
three prior felony convictions in 1976 for the sale of
controlled substances. In July 1987, the Court of Criminal
Appeals affirmed Trawick's convictions and sentences, Trawick
v. State, 512 So. 2d 818 (Ala. Crim. App. 1987), and issued a
certificate of judgment. In October 1987, April 1988, and
March 2001, Trawick filed petitions for postconviction relief
under Rule 32, Ala. R. Crim. P. All three petitions were
denied by the trial court; those denials that Trawick appealed
were affirmed by the Court of Criminal Appeals.

In November 2001, Trawick filed a fourth Rule 32
petition, alleging, among other things, that his enhanced
sentence under the HFOA was illegal because, he argued, prior
drug-related felonies could not be used to enhance the
sentence for a non-drug-related offense. The trial court

2

1051563

denied the petition, and the Court of Criminal Appeals affirmed its judgment in an unpublished memorandum on the basis that the claim was precluded under Rule 32.2(a)(4), 32.2(b), and 32.2(c), Ala. R. Crim. P. <u>Trawick v. State</u> (No. CR-05-1095, June 23, 2006), ___ So. 2d ___ (Ala. Crim. App. 2006) (table). Trawick petitions this Court for a writ of certiorari on the grounds that the denial of his fourth Rule 32 petition conflicted with prior caselaw and that the Rule 32 petition presented an issue of first impression.

Before we consider the merits of Trawick's position, we must first determine whether the Court of Criminals correctly held that the issue raised in the Rule 32 petition was precluded. If so, our inquiry need go no further. The State's brief in this proceeding, which Trawick has not contradicted, states that Trawick raised this same issue -- that under the HFOA a felony conviction for a drug-related offense could not be used to enhance a sentence for a non-drug-related offense -- in his Rule 32 petition filed in March 2001 ("the third petition"). In its brief the State contends that in the third petition, "Trawick argued that his 1986 convictions of sodomy and rape were due to be set aside on grounds of a defective

3

1051563

indictment and excessive sentence." The trial court denied
Trawick's third petition, in part, on the basis that "prior
felony drug offenses may be used to enhance a sentence under
the [HFOA] following a conviction for a felony that was not
drug related. Justo v. State, 568 So. 2d 312 ([Ala.] 1990);
Powell v. State, 624 So. 2d 220 ([Ala.] 1993)." When the
trial court dismissed the third petition, Trawick appealed,
and the Court of Criminal Appeals affirmed the trial court's
dismissal. Trawick did not file an application for rehearing
in the Court of Criminal Appeals; thus, he did not file a
petition for certiorari review with this Court in response to
the decision of the Court of Criminal Appeals affirming the
dismissal of his third petition.

Rule 32.2(b), Ala. R. Crim. P., generally precludes a
trial court from granting relief in response to a successive
Rule 32 petition. Rule 32.2(b) defines a "successive petition"
as follows: "If a petitioner has previously filed a petition
that challenges any judgment, all subsequent petitions by that
petitioner challenging any judgment arising out of the same
trial or guilty-plea proceeding shall be treated as successive
petitions under this rule." Rule 32.2(b) creates a two-pronged

4

1051563

approach to addressing successive petitions. The first inquiry, under Rule 32.2(b), is whether the grounds raised in the successive petition are duplicative, that is, have the same grounds been raised in a prior petition. Under Rule 32.2(b), "[t]he Court shall not grant relief on a successive petition on the same or similar grounds on behalf of the petitioner."

The second prong of Rule 32.2(b) states that "[a] successive petition on <u>different grounds</u> shall be denied" unless one of two exceptions apply. (Emphasis added.) The exception that Trawick attempts to invoke in this case allows the trial court to consider a successive petition when "the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence." Rule 32.2(b), Ala. R. Crim. P. Trawick's claim that his sentence is illegal under the HFOA presents a jurisdictional claim. See, e.g., <u>Ex parte Robey</u>, 920 So. 2d 1069, 1071-72 (Ala. 2004) (holding that because multiple punishments for the same offense constitute a sentence that exceeds the maximum allowed by law and an illegal sentence affects the trial court's jurisdiction, "Robey is not barred

5

1051563

from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights"); <u>Ex parte Sanders</u>, 792 So. 2d 1087, 1091 (Ala. 2001) ("'[w]hether a sentence is excessive ... is a jurisdictional issue' that is not precluded by the limitations period of Rule 32, by the rule against successive petitions, or by Rule 32.2(a)(3)"). However, Trawick's fourth Rule 32 petition asserts a ground Trawick has previously asserted, even if it is a jurisdictional issue. Therefore, the second prong of Rule 32.2(b), which is limited to successive petitions on <u>different</u> grounds, does not apply.

The first prong of Rule 32.2(b) precludes Trawick from reasserting a jurisdictional claim "on the same or similar grounds." Because Trawick's jurisdictional claim is duplicative, the issue having already been raised and adjudicated on its merits by the trial court in his third petition, we do not reach the second prong of Rule 32 containing the jurisdictional exception. Compare <u>Grady v. State</u>, 831 So. 2d 646, 648-49 (Ala. Crim. App. 2001) ("[A]lthough this is a successive petition ... jurisdictional claims are not 'precluded by the limitations period or by the rule against successive petitions.' ... Moreover, from the

6

1051563

record before us, <u>Grady did not claim that his sentence was</u> <u>illegal in his first Rule 32 petition</u>." (emphasis added)). Although our cases have previously stated that jurisdictional claims cannot be precluded as "successive," that exception to Rule 32.2(b) applies only to jurisdictional claims <u>not</u> <u>previously raised and adjudicated on the merits</u>.

Because the trial court adjudicated Trawick's jurisdictional claim on the merits in a prior petition, Trawick is precluded from reasserting that jurisdictional claim in a successive petition. Accordingly, the Court of Criminal Appeals properly found that his claim that he had been illegally sentenced under the HFOA was precluded, and that judgment is due to be affirmed.

AFFIRMED.

See, Woodall, Stuart, Smith, Bolin, Parker, and Murdock, JJ., concur.

Cobb, C.J., recuses herself.

7