IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TIMOTHY LAMAR TRAWICK,     *
#115 225
     Petitioner,     *

     v.     *     1:07-CV-554-MEF
                                                                                       (WO)

GRANT CULLIVER, WARDEN,     *
*et al.*,
     Respondents.     *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Timothy Trawick, a state inmate, on June 20, 2007. Petitioner seeks to challenge his convictions for first degree rape and first degree sodomy entered against him by the Circuit Court for Dale County, Alabama on November 18, 1986. On December 4, 1986 the trial court sentenced Petitioner, as a habitual offender, to life in prison without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on July 28, 1987 and issued a certificate of judgment on August 17, 1987. (Doc. No. 9, Exhs. A, B.)

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Petitioner's convictions became final before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition. Petitioner filed state post-conviction petitions challenging his convictions on October 19, 1987, April 12, 1988, March 7, 2001, and November 10, 2004. (*See* Doc. No. 9, Exh. D.) The latter two actions had no effect on the limitation period as they were both filed after the limitation period expired. Because Petitioner's convictions became final prior to April 24, 1996, as noted, he had until April 24, 1997 to challenge first degree rape and first degree sodomy convictions.

     Upon review of the pleadings filed in this case, it appears to the court that Petitioner failed to file the instant § 2254 petition within the time allowed by the law of this Circuit. 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of first degree rape and first degree sodomy by the Circuit Court for Dale County in November 1986. Petitioner appealed his convictions. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions and sentence on July 28, 1987 and and issued a certificate of judgment on August 17, 1987. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1986 first degree rape and first degree sodomy convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme

Court -- fourteen (14) days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on August 31, 1987.

In light of the foregoing, it is clear that Petitioner's first degree rape and first degree robbery convictions became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's conviction in 1988. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Trawick], whose conviction[s] became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Petitioner's convictions became final in 1987. The applicable

limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997.

The instant habeas petition was filed on June 20, 2007. Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired more than ten (10) years prior to Petitioner filing his federal habeas petition. Accordingly, it is

ORDERED that on or before September 10, 2007 Petitioner shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

DONE, this day 20th day of August 2007.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE