IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA.

SOUTHERN DIVISION

TIMOTHY LAMAR TRAWICK,     *

Petitioner,                 CIVIL ACTION NO:

V.S.                        *   01:07-CV-554

GRANT CULLIVER, WARDEN etal     MEF (WO)

Respondent.               *

**PETITIONERS RESPONSE TO COURTS AUGUST 20, 2007**

SHOW CAUSE ORDER

**Comes Now,** The Petitioner Timothy Lamar Trawick, Pro se, In the above styled cause, and hereby submits his Response to The Courts August 20, 2007. Show Cause order as Follows:

1. Petitioner In the instant Habeas Corpus Petition asserted as grounds for relief that he was Denied Due Process when his sentence was Illegal Enhanced under Alabama Habitual Felony. act [§13A-5-9 Ala.Code 1975], On the bases of three (3) prior Drug Related Felonies, That at the Time of Petitioners sentence could not be Lawfully used to enhance Petitioners sentence. Se EX PARTE CHAMBERS, 522 So.2d 313 ( Ala.1982).

2. Respondent in answer to Petitioners Habeas Petition argues that the petition is barred by the one-year limitation period of 28 U.S.C. § 2254 (d)(1), as the petition was not filed within the one-year grace period allowed in this Circuit.
( See. Respondents Answer of August 17, 2007).

3. On August 20, 2007, This court issue an order, directing the petitioner to Show Cause why the instant petition for Federal Habeas Corpus Relief should not be dismissed, as being time barred. ( See. DOC# 11-1 )

4. Petitioner in response to this court's Show Cause order, present Two (2) Reasons why his Habeas Petition should not be dismissed;

1) His claim as conceded by The State Court is Jurisdictional under Alabama Law. However, The State of Alabama refuse to resolve the merits of Petitioner's Jurisdictional Claim, and Petitioner is requesting that this court Certify A Question to The Alabama Supreme Court as to whether the drug-Related Convictions under §20-2-70 Ala.Code 1975, could be used to Enhance Petitioner Sentence in 1986.

2) Petitioner avers that he is Actually Innocent of the sentence of Life Without Parole.

5. **JURISDICTIONAL/CERTIFIED QUESTION.**

Petitioner avers that the Jurisdictional aspect is conceded by The Respondent and The Alabama Supreme Court in its decision, In EX PARTE TRAWICK, 2007 Ala.Lexis.36. ( Respondent's answer Pg.4). However, The State court failed to resolve the dispositive issue in the case; Whether the prior Drug-Related Convictions under §20-2-70 Ala.Code 1975 Can be used to Enhance a Non-drug related Felony under Title 13A.

Trawick was sentenced On December 4, 1986, Under Alabama Law, A defendant's Sentence is determined by the Law in effect at the time of the commission of the offense. See DAVIS V STATE , 571 So.2d 1287 ( Ala.Crim.App.1990)

At the time of Trawick Sentence The Alabama Supreme Court had held In EX PARTE CHAMBERS, SUPRA,, that the penalty enhancement provisions of the Habitual Felony Offender Act are inapplicable to Felony Drug Offenses under the Controlled Substance Act.

The Court reasoned that the Habitual Offender Act, with its own Punishment Provisions is a penal statute, and must be strictly construed, especially in regards to its Applicability to Felony Offenses outside the Criminal Code. See also EX PARTE BRANNON, %$& So.2d 68 ( Ala.1989)

While CHAMBERS AND BRANNON, dealt with current Drug offenses being enhanced under The Habitual Offender Act by prior non-drug related felony offenses, Petitioner argues that the same rationale applies in The Reverse, since Title 20 and Title 13A had they their own Enhancement Provisions.

Petitioner avers while the Question had been presented to The Alabama supreme Court on several Occassions, Including in the instant case, The Supreme Court has yet to Resolved the Question. See CHAMBERS, SUPRA n.1; GIBSON V STATE , 55 So.2d 784, 789-99 ( Ala.Crim.App.1989); JUSTO V STATE, 568 So.2d 312,317, ( Ala.Crim.App.1990) EX PARTE TRAWICK, SUPRA.

Therefore, It would be a Fundamental Miscarriage of Justice for this court not to entertain petitioner's Illegal sentence Claim.

6. ACTUAL INNOCENCE OF SENTENCE.

Petitioner argues that he is Actually Innocence of his Life Without Parole Sentence under Alabama Habitual Felony Offender Act, because at the time of his sentence his prior Drug-Related Conviction under Title 20 could not be used to Enhance Punishment under Title 13A.

Specifically, Petitioner avers based on the facts and circumstances, It would be a Fundamental Miscarriage of Justice to allow The State of Alabama to enforce a patent Illegal Sentence upon the petitioner.

While petitioner has not found a case in this Circuit that Recognized an actual innocence exception in a non-capital sentencing proceeding, several Circuits have, and the Supreme Court In DRETKE V HALEY, 541 U.S. 386 (2004) has suggested that it does.

In any event, Petitioner argues that he is entitled to have his claim heard on the merits and Habeas Relief granted on his Illegal Sentence Claim.

Wherefore, Premises considered, Petitioner Prays that this court, will Grant Habeas Relief and or Certify the question to the Alabama Supreme Court, and such other relief as justice requires in this proceeding.

Respectfully Submitted,

*Timothy Lamar Trawick*
Timothy Lamar Trawick
AIS# 115225
Holman Unit 3700
Atmore, Al 36503-3700

### CERTIFICATE OF SERVICE

I hereby certify that I have this 17 day of September 2007, served a copy of the foregoing on the respondent by placing a copy of the same in the prison Internal Mailing System, postage prepaid and properly addressed as follows;

JEAN A THERKELSEN
ASSISTANT ATTORNEY GENERAL
11 SOUTH UNION ST.
MONTGOMERY, AL, 36130-0152

*Timothy Lamar Trawick*
TIMOTHY LAMAR TRAWICK

**LEGAL MAIL ONLY**

Timothy Lamar Franklin
AIS# 115225 AC
Holman Unit 3700
Atmore, Al.
36502-3700



Office of The Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Al.
36101