IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY LAMAR TRAWICK, #115 225 | * | |
| Petitioner, | * | |
| v. | * | 1:07-CV-554-MEF (WO) |
| GRANT CULLIVER, WARDEN, *et al*., | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Timothy Trawick on June 20, 2007.[1] In this petition, Petitioner challenges his convictions for two counts of first degree rape and two counts of first degree sodomy entered against him by the Circuit Court for Dale County, Alabama, on November 18, 1986. On December 4, 1986 the trial court sentenced Petitioner as an habitual offender to life in prison without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on July 28, 1987 and issued a certificate of judgment on August 17, 1987. (*Doc. No. 1; Doc. No. 9, Exhs. A, B.*)

In accordance with the orders of this court, Respondents filed an answer in which they

---

[1] Although the present petition was stamped "filed" in this court on June 21, 2007, the envelope in which the petitioner was mailed is post-marked June 20, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 20, 2007 as the date of filing.

argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[2] because it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Petitioner's convictions became final before the effective date of the AEDPA, he had until April 24, 1997 to file his § 2254 petition. Petitioner filed state post-conviction petitions challenging his convictions on October 19, 1987, April 12, 1988, March 7, 2001, and November 10, 2004. (*See Doc. No. 9, Exh. D*.) The latter two actions had no effect on the limitation period as they were both filed after the limitation period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Because Petitioner's convictions became final prior to April 24, 1996, he had until April 24, 1997 to challenge his first degree rape and first degree sodomy convictions.

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 11*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed a response (*Doc. No. 14*.) In which he argues that his claim that his sentence was improperly enhanced under the Alabama Habitual Felony Offender Act by use of unauthorized prior convictions is jurisdictional under Alabama law, but that the state

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

courts have refused to resolve the merits of his claim. (*Id.*) Petitioner further argues that he is actually innocent. (*Id.*) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Fundamental Miscarriage of Justice - Actual Innocence*

This court must determine whether Petitioner has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

*Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. 513 U.S. at 324.

Petitioner alleges that he is actually innocent and that a fundamental miscarriage of justice will occur if the State of Alabama is permitted to enforce an illegal sentence. (*Doc. No. 14 at 3*.)  Petitioner, however, has submitted no "new reliable evidence" of actual innocence to support his claims so as to meet the standard set forth by *Schlup*.  His mere contention that he is actually innocent of the crimes of his convictions is not supported by the record or any credible evidence.  Because Petitioner has failed to demonstrate his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

*B.  Statute of Limitations*

  *1.  Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed in non-

capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[3] 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.

Petitioner was convicted of two counts of first-degree sodomy and two counts of first degree rape in the Circuit Court for Dale, Alabama, on November 18, 1986. On December

---

[3]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4, 1986 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on July 28, 1987 and issued a certificate of judgment on August 17, 1987. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court. The time for seeking review of Petitioner's convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety days of the action undertaken by such state court). By operation of law, Petitioner's convictions became final on September 1, 1987 – fourteen days after the Alabama Court of Criminal Appeals issued a certificate of judgment, as this is the date on which Petitioner's time to file a petition for writ of certiorari with the Alabama Supreme Court expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

From the foregoing, it is clear that Petitioner's rape and sodomy convictions became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's convictions on September 1, 1988. However, the Eleventh Circuit has held that

"application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Petitioner], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Petitioner's convictions became final in September 1987. The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. Thus, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997. Petitioner's first collateral petition filed after the effective date of the federal limitation period was filed on March 7, 2001, almost four years after the applicable limitation period expired. Consequently, it had no effect on the limitation period. *See Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4.

The instant habeas petition was filed on June 20, 2007. Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired more than ten years before he filed this federal habeas petition.

   *2. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Petitioner claims that the filing of this petition beyond the limitation period should be excused. In support of his ground for equitable tolling, Petitioner argues that the challenge to his sentence is jurisdictional but the state courts have failed to resolve the claim.

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. *Sandvik* 177 F.3d at 1271; *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. *Drew,* 297 F.3d at 1286. Petitioner's contention that the claim he presents for review is jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) is unavailing. Neither 28 U.S.C. §

2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law.

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reason set forth by Petitioner for his untimeliness is insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claim was available to Petitioner at the time of his convictions and sentence. Further, the claim presented in this petition is not based on a newly recognized constitutional right.

In this case, Petitioner provides no explanation as to why he failed to timely file his petition for habeas relief, nor has he alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant

equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Timothy Trawick be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 20, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of October, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE